## W. C. ACHI *et al. vs.* PONI *et al.*

APPEAL FROM COMMISSIONERS OF PRIVATE WAYS AND WATER RIGHTS.

JULY TERM, 1884.

JUDD, C. J.; McCULLY AND AUSTIN, JJ.

A grantor of land is entitled to a right of way by necessity, over the land sold, to his remaining land.

The Commissioners of Private Ways and Water Rights are authorized to make such decision as may in each particular case appear to them to be just and equitable, but not contrary to general principles of law.

OPINION OF THE COURT BY JUDD, C. J.

THIS is an appeal from the Commissioners of Private Ways and Water Rights for the District of Honolulu.

It appears that the plaintiffs are owners, by a deed dated February 2, 1884, of a parcel of land bordering upon the Nuuanu stream west of Maunakea street and between Beretania and King streets. There are two narrow lanes leading from Maunakea street in toward the river. The lot in question is between these two lanes, but is cut off from both of them by intervening lots.

This neighborhood is quite thickly populated by natives and Chinese. The lots are small and of irregular shapes and exceedingly inconvenient of access.

The nearest lane to the lot owned by plaintiffs, leading out to Maunakea street, is called "Kaaione's" or "Williams' Lane." This lane passes by the lots owned by the defendants Poni and Ami and goes no farther.

The Commissioners decided that the plaintiff should have a right of way six feet wide, cutting off three feet from each of the lots where they adjoin each other.

It appears that, for some time previous to the time when the plaintiffs bought, the access to this lot was at another corner, by permission of the landowners over which the way passed, and that this is now closed up, so that there is now no way open by which plaintiffs' premises can be reached except by a boat by way of the river, which is impracticable. The plaintiffs ask the right of way from necessity. It seems that the lots owned by plaintiffs and the two defendants were originally parts of the same title, Royal Patent 5657, and that J. Kakina sold the whole piece of land bordering on the lane to Poni, himself having egress to the street by permission of other landowners by an opening now closed.

Kakina did not reserve in the deed a right of way to his land.

Poni sold a piece of this lot to Ami. It is claimed that when J. Kakina sold to Poni the law presumed that he reserved a right of way by which he could approach his own land, and that his grantees are entitled to the same privilege.

In 3 Kent's Com., *422, the author says: "If a man hath several distinct parcels of enclosed land, and he sells all but one surrounded by the others, and to which he has no way or passage except over one of the lots he has sold, it has been made a question whether he be entitled to a right of way against his own deed, when he has been so improvident as to reserve none. It is said in *Clark vs. Cogge* (Cro. Jac. 170), that the law reserves to him a right of way from necessity. The law presumes a right of way reserved, or rather gives a new way from the necessity of the case, and the new right of way ceases with the necessity for it. This principle of law has been for a long time recognized."

"In *Buckby vs. Coles* (5 Taunt. 311), it was decided that if a person owned close A, and a passage of necessity to it over close B, and he purchased close B and thereby united in himself the title to both closes, yet if he afterward sold close B to one person without any reservation, and then close A to another person, the purchaser of close A has a right of way over close B. This case, (says Kent) seems to put an end to all doubts as to the existence

22

of a right of way from necessity even over the land which the claimant of the way previously sold.' "

Kent says further " that the right of the grantor to a right of way over the land he has sold to his remaining land must be founded upon an implied restriction incident to the grant, and that it cannot be supposed the grantor meant to deprive himself of all use of remaining lands."

We think this principle is sound and eminently just. And there is no reason why it should not be held to apply in favor of the plaintiffs, who are assignees of Poni's grantor, J. Kakina. When Kakina sold to Poni, Poni's whole lot was then charged with the right of way, in order to afford access to what remained of Kakina's land. Poni sells to Ami and makes no reservation of the right of way in the deed. It must be presumed that the right to a way to the Kakina lot was still existing, and it must be over the land remaining in Poni, for he stands to this extent in Kakina's shoes.

On principle, therefore, this right of way must pass over Poni's land. Undoubtedly the Commissioners thought that the loss sustained by the right of way should be equally borne by Poni and Ami.

The commissioners are authorized by statute to make such decision as may in each particular case appear to them just and equitable, but not contrary to well-settled principles of law.

This court has the same jurisdiction on appeal.

Poni's house was nearly the whole length of his lot, but there is a space on the side toward Maunakea street upon which there are no substantial buildings. Here we think the plaintiffs' right of way should be located, and accordingly adjudge that plaintiffs have a right of way from their land to Williams' lane over the land of Poni, the way to be located across the end of the lot nearest to Maunakea street, and to be in width the space between the present fence and Poni's house as it now stands. The plaintiffs to build a suitable fence adjoining Poni's house, but not touching it.

*W. R. Castle,* for plaintiffs.

*J. L. Kaulukou,* for defendants.

Honolulu, August 12, 1884.